UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TRUSTEES OF MICHIGAN REGIONAL COUNCIL OF CARPENTERS' EMPLOYEE BENEFITS FUND; and THE MICHIGAN REGIONAL COUNCIL OF CARPENTERS, UNITED BROTHERHOOD OF CARPENTERS AND JOINERS OF AMERICA,

       Plaintiff(s),

v.

FRESENIUS KIDNEY CARE GROUP, a Delaware limited liability company.

       Defendant.

_____/

Case No.: 21-11475
Hon.

## COMPLAINT

1. The Michigan Regional Council of Carpenters' Employee Benefits Fund ("the Fund") is a 29 USC Section 1002(1) employee benefit welfare plan, a Michigan trust fund and a 26 USC Section 501(c)(9) tax-exempt voluntary employee beneficiary association. The Fund is administered in Troy, Michigan.

2. Fresenius Kidney Care Group (FKC) is a Delaware limited liability company and is located and does business in multiple locations nationally including locations within the Eastern District of Michigan. FKC employs "a team of nurses, dieticians, patient care technicians and financial coordinators working at more than 2,400 dialysis centers" which provide services to people with chronic kidney disease.

3. FKC is a subsidiary of Fresenius Medical Care of North America (FMCNA). FMCNA employs, directly or indirectly, "a team of more than 70,000" that provides "the most comprehensive care for people living with chronic kidney disease.

4. FKC is the successors in interest to Bio-Medical Applications of Michigan, Inc., a Michigan corporation.

## JURISDICTION AND VENUE

5. This Court has jurisdiction based on 28 U.S.C. §1331, 28 U.S.C. §1367 and 29 U.S.C. § 1332(e)(1), for causes of action brought under 29 U.S.C. §1132(a)(3) and to enforce the Fund's subrogation rights.

6. Venue for this complaint is proper under 28 U.S.C. §1391 and 29 U.S.C. §1132(e)(2).

## BACKGROUND AND FACTS

7. The Fund is operated by an eight-person Board of Trustees which meets and conducts business in the Eastern District of Michigan.

8. The Fund provides health care and other welfare benefits to approximately 8,000 participating employees and former employees and their beneficiaries.

9. The Fund is a large group health plan for purposes of 42 USC Section 411.101.

10. The Trustees have created plans of benefits to deliver health and welfare benefits to employees, former employees and their beneficiaries. Federal law mandates that benefits be provided only consistent with published plans of benefits and prohibits providing benefits outside of such plans.

11. Michael Gerald, now deceased, was a participant in the Plan as a "disabled retiree". Mr. Gerald experienced several medical problems including chronic kidney disease that

required ongoing treatment, including dialysis services. Mr. Gerald's date of birth was January 22, 1953.

12. Mr. Gerald received treatment from Defendant FKC from January 2, 2018 through October 21, 2018 to treat his chronic kidney disease. Treatment consisted of kidney dialysis and related products and services performed at a Michigan facility of FKC.

13. At all times of treatment by FKC, Mr. Gerald was not receiving Fund health care coverage on account of his or a spouse's current employment.

14. Defendant FKC directly accepts and has accepted Medicare payments in connection with treatments supplied to Medicare-covered patients of Defendant during the time that Defendant provided treatments to Mr. Gerald.

15. Defendant FKC, as successor to Bio-Medical Applications of Michigan, Inc., is and has had a network participation agreement with Alliance Health and Life Insurance as successor in interest to Preferred Health Plan, Inc. and has been a member of that network since 2004.

16. Defendant FKC collected Mr. Gerald's date of birth as part of demographic and treatment information assembled by Defendant in connection with the treatment of Mr. Gerald.

17. Defendant FKC is the direct or indirect assignee of Mr. Gerald's right to collect Plan benefits in connection with services performed by FKC. The network agreement of Bio-Medical Applications of Michigan Inc. (Exhibit A) and the Fund's network agreement with Alliance Health and Life Insurance Company (Exhibit B) in no way expand the rights of FKC with respect to the Fund.

18. The Fund maintains a Medicare Supplemental program for Medicare-eligible Participants who are not eligible for benefits through the Fund on account of active employment.

## Count I
## Breach of Plan Document

19. Plaintiff hereby incorporates the allegations of paragraphs 1 through 18 by reference.

20. The Fund and law require that participants who have duplicate coverage must first have their claims submitted to the insurer or plan with the primary duty to pay.

21. The Fund's plan of benefits grants the Fund the right to recover overpayments from any person or persons to or for whom such payments were made and any insurance company or other service provider.

22. As assignee of Mr. Gerald, FKC does not possess any rights with respect to the Plan other than or superior to those possessed by Mr. Gerald with respect to the Plan and the Fund.

23. FKC at all relevant times had actual or constructive knowledge of Mr. Gerald's status as a Medicare-covered individual.

24. FKC at all relevant times had actual or constructive knowledge whether Mr. Gerald qualified as having "end-stage renal disease", from January 1, 2018 and October 21, 2018, the time during which FKC provided services to Mr. Gerald.

25. FKC employs "financial coordinators", at least one of which had specific actual and constructive knowledge of the status of Mr. Gerald with respect to Medicare and whether Medicare was responsible as primary payer of services performed by FKC for Mr. Gerald.

26. FKC has actual or constructive knowledge that Mr. Gerald was not subject to end-stage renal disease coordination of benefits restrictions at the time FKC performed Medicare covered services for Mr. Gerald and supplied Medicare covered supplies to Mr. Gerald incident to those services.

27. Despite having actual and/or constructive knowledge that services provided for Mr. Gerald and supplies provided to Mr. Gerald were covered by Medicare as primary payer, FKC billed the Fund as the primary payer for those Medicare covered services and supplies.

28. Failure to bill Medicare for services and supplies provided to Mr. Gerald violates claims requirements of the Fund's Plan of benefits and must be returned by FKC.

29. FKC at all times continues to hold, actually or constructively, monies paid by the Fund to FKC based on the wrongful claim demand presented by FKC.

30. FKC has not returned improperly collected sums to the Fund despite the Fund's January 4, 2021 demand, and several prior communications with the Fund's third-party administrator requesting a refund of the improperly collected sums.

**WHEREFORE, the Fund requests that this Court:**

(a) Enter a judgment against FKC in the amount of Seven Hundred Eighty-three Thousand, Four Hundred Fifty-Two and 00/100 dollars ($783,452.00) in favor of the Fund.

(b) Order FKC to immediately disgorge sums paid to it by the Fund in excess of the any amounts due as coordinated coverage.

(c) Grant such other relief against FKC as the Court determines is just and equitable.

### Count II
### Breach of Medicare Contactor Requirements

31. Plaintiff hereby incorporates the allegations of paragraphs 1 through 30 by reference.

32. The Fund's Plan of benefits automatically subrogates the Fund to any right that a participant has to recover from a third party in connection with charges for or compensation or reimbursement paid with respect to covered services,

33. The Fund's Plan of benefits gives the Fund the right to recover overpayments from any persons to or for whom such payments were made, any other insurance companies or any other service providers.

34. FKC at all times has maintained actual and/or constructive control over monies paid by the Fund with respect to improper claims with respect to Mr. Gerald or the proceeds thereof.

35. Medicare Section 42 USC Section 1395cc conditions participation by contractors on an agreement "not to charge, except as provided in paragraph (2), any individual or any other person for items or services for which such individual is entitled to have payment made under this subchapter (or for which he would be so entitled if such provider of services had complied with the procedural and other requirements under or pursuant to this subchapter or for which such provider is paid pursuant to the provisions of [42 USC] section 1395f(e) of this title) [dealing with out-of-country hospitalization], and (ii) not to impose any charge that is prohibited under [42 USC] section 1396a(n)(3) of this title [dealing with payments to Medicare Managed Care Organizations].

36. Payment by the Fund on behalf of the Participant is payment of a charge to the Participant for covered medical services, subject to coordination of benefit requirements.

37. Medicare Section 42 USC 1395cc(a)(1)(c) requires that Medicare contractors make adequate provision for return (or other disposition, in accordance with regulations) of any moneys incorrectly collected from such individual or other person.

38. The Fund is subrogated to Mr. Gerald's right of recovery against third parties, which includes the right to recover payment made to FKC and other medical service and product providers.

**WHEREFORE, the Fund requests that this Court:**

(a) Enter a judgment against FKC in the amount of $783,452 dollars in favor of the Fund.

(b) Order FKC to immediately disgorge sums paid to it by the Fund in excess of the any amounts due as coordinated coverage.

(c) Grant such other relief against FKC as the Court determines is just and equitable.

## Count III
## Unjust Enrichment

39. Plaintiff hereby incorporates the allegations of paragraphs 1 through 38 by reference.

40. Defendant FKC has received a higher payment than it is entitled to under applicable law and the terms of the Plan.

41. Defendant FKC intended that the Fund rely on its request for payment.

42. Defendant FKC at all times knew or should have known that it was obligated to submit claims of Mr. Gerald, an unemployed, 65-year old disabled man, to Medicare and not to the Fund.

43. Defendant FKC submitted Mr. Gerald's claims to the coverage provider which it believed would yield the highest claim recovery.

44. Defendant FKC employs financial consultants to assist persons using FKC services and supplies and are uniquely positioned to know with certainty the Medicare and/or medical indemnity coverage and rights of their customers.

45. Defendant FKC has or should have internal procedures to detect its failure to comply with the law and bill Medicare as required, but failed to identify their improper billing until it no longer could be recovered directly from Medicare.

46. Defendant FKC is required to maintain and disburse as necessary, funds needed to correct overcharges to or with respect to Medicare eligible recipients of their products and services.

47. It is unjust for Defendant FKC to retain improperly billed sums in light of its/their egregious conduct.

**WHEREFORE, the Fund requests that this Court:**

(a) Enter a judgment against FKC in the amount of $783,452 dollars in favor of the Fund.

(b) Order FKC to immediately disgorge sums paid to it by the Fund in excess of the any amounts due as coordinated coverage.

(c) Grant such other relief against FKC as the Court determines is just and equitable.

Respectfully,

NOVARA TESIJA CATENACCI
McDONALD & BAAS, PLLC

/s/Edward J. Pasternak
Edward J. Pasternak
John J. Bobrowski
Maria P. Topalovic
Attorneys for Plaintiff(s)
888 W. Big Beaver Rd., Suite 600
Troy, MI  48084
(248) 354-0380
ejp@novaralaw.com
jjb@novaralaw.com
mpt@novaralaw.com

W:\FUNDS\Mrcc\INSURAN\Michael Gerald\MRCCEBF Gerald Complaint -6.23.2021 Final Clean.Docx